# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Joshua R. Bella,

(Full Name of each Plaintiff)

Plaintiff(s),

Case No. 15-CV-01247
(Supplied by Clerk)

v.

William Pollard, Warden, Donald Strahota, Deputy Warden, Tony Meli, Security Director, Capt. Rymarkiewitz, Belinda Schrubbe, HSU Manager, et al.

(Full Name of each Defendant)

Defendant(s).

## AMENDED
## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I. **PLACE OF PRESENT CONFINEMENT** (Provide full address)

Waupun Correctional Institution, P.O. Box 351, Waupun, Wisconsin 53963.

A. Is there a grievance procedure in your prison/jail?   YES ☒   NO ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

YES ☒   NO ☐

II. **PARTIES**

A. Your name (Plaintiff) Joshua R. Bella

B. Institutional Identification Number  412098

C. Social Security Number (Last Four Digits Only)  6871

(For additional plaintiffs provide the information in Sections I and II, in the same format, on a separate page.)

**PARTIES - continued**

E.  DEFENDANT (name) William Pollard

   is employed as Warden

   at the Waupun Corr. Inst., in Waupun, WI., 53963.

F.  Additional DEFENDANTS (name, position, and place of employment):
   Donald Strahota, Deputy Warden, same location; Tony Meli, Security Director, same location; Capt. Rymarkiewitz, same location; Belinda Schrubbe, HSU Manager, (former), current wherabouts/employment unknown; Gail Waltz, RN, same location; Jeffrey Manlove, MD, same location; Ann Scarpita, Current HSU Manager, same place; Donna Larson, RN, same location; Todd Calister, PSU-MD; same location; Ann Slinger, RN, same location; All Special Needs Committee Members, (names unknown-denied), same location; Nikki Kamphuis, ADA Coordinator, same location; Officer C/O II Welch,(Security Shack), same location; Tonia Moon/James Muenchow, Inmate Complaint Examiners, same location; Lori Alsum, Reviewer, same location; Ana Boatwright, Corrections Complaint Examiner, Madison DOC; Edward Wall, Secretary DOC, Madison; Numerous John/Jane Doe Officers/Staff, at Waupun Corr. Inst.; Sgt. Perry, same location; and the State of Wisconsin, under/pursuant to 42 U.S.C. §§ 12101 et seq, Chapter 126, Subchapter IV,[Title V], Section 12202,[Section 502], and; also, [Gwendelyn A. Vick, RN, A. Gunderson, RN, Joshua Olson, MS, MPT, [Brian Greff, SNC Member, Sgt. Price, and Richard Bartz, PT, et [al, and reserve the right to amend, with the court.

III. **PREVIOUS LAWSUITS**

A.  Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?   ☐ YES   ☒ NO

B.  Have you begun other lawsuits in state or federal court relating to your imprisonment?
   ☐ YES   ☒ NO

C.  If your answer is YES to either of the above questions, provide the following requested information.

   1.  Parties to the previous lawsuit

   Plaintiff(s): _____

   Defendant(s): _____

   2.  Date filed _____

   3.  Court where case filed (if federal court, name district: if state court, name the county) _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
42 U.S.C. § 1983 Civil Rights Suit

---

SECTION II, F.- PARTIES-DEFENDANTS, CONTINUED:

Carol Al-Tahraway, LPN, K. Dufary,(?), Lt. Larson, Capt. Westra, Dr. Baier, PSU Dr, Lt. Waller, Seg. Supervisor, Sgt. Price, NWCH Officer, A.Gunderson, Richard Bartz, Physical Therapist, and Officer Welch, Security Shack Officer, (added are defendant officers responsible for the segregation incidents, on thanksgivingday, 2014, and the denial of medical attention for the seizure/medical care/restrict.), they are; Sgt. Keith Immerfall, Officers Greg Wood, Derek Schouton, Jeff Gill, Mike Lunde, Lucas Marwitz, and Shaine Meyers, along with Supervisors, Lt. Jason Wenzel, Lt. Shane Waller,(also identified above), and Lt. Jeremiah Larsen, et al.

("END")

**PREVIOUS LAWSUITS - continued**

4. Case number _____

5. Nature of claim _____
   _____

6. Current status (for example: open, closed, on appeal) _____

7. If resolved, date of resolution _____

8. If resolved, state whether for the plaintiff or the defendant: _____

(For additional cases, provide the above information in the same format on a separate page.)

## IV. STATEMENT OF CLAIM

A. State as briefly as possible the facts of your case. Describe how each named defendant is involved. Include the names of other persons involved, dates, and places. Describe specifically the injuries sustained. Do not give legal arguments or cite cases or statutes. You may do that in Section "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Unrelated claims must be raised in a separate civil action.

1). The plaintiff, Joshua Pella, is an inmate at Waupun Correction Institution, Waupun, Wisconsin. Inmate Pella, hereinafter the plaintiff, suffers from a rare genetic disorder called Ehlers Danlos Syndrome, Type 3. This disorder causes the joints/muscles, throughout the entire body, to deteriorate, get weak, and die, in turn, resulting in constant/continuing physical/psychological pain/agony, weakness, and instability, which if not properly treated, is exaccerbated into literal, and over-all, torture. In Addition, the plaintiff also suffers from ADD/Seizures, that only add to the debilitating/painful affects of his genetic disorder. The ADD, if not properly treated, causes the plaintiffs mind to race, making it difficult, if not impossible, to sleep, focus on daily task, retain memories of his daily life, including conversations/interactions with others, or things he needs to do. The seizures, if left unproperly treated, cause the plaintiffs entire body to become limp/paralyzed, for short, and/or long, periods of time, leaving him totally weak, and drained, of physical/mental energy/strength, and vulnerable to injury, by his surroundings, or by others, while/after they occur.

A. Since his arrival, here, on 8/21/14, the plaintiff has repeatedly, on more than a hundred occassions, requested, and even begged, for reasonable/proper health care, from medical/administrative staff/officers, defendants Belinda Schrubbe, HSU

Case 2:15-cv-01247-JPS   Filed 12/30/15   Page 4 of 14   Document 11

## STATEMENT OF CLAIM - continued

Manager, (former), Ann Scarpita, HSU Manager, (Current), Jeffrey Manlove, MD., Gail Waltz, RN, Donna Larson, RN, (Sub-HSU Manager, and Special Needs Committee Member), Todd Callister, PSU, MD., Ann Slinger, RN, Gwendelyn A. Vick, RN, A. Gunderson, RN, Nikki Kamphuis, ADA Coordinator/Special Needs Committee Member, Brian Greft, Special Needs Committee Member, Richard Partz, Physical Therapist, Joshua Olson, MS, MPT, William Pollard, Warden, Donald Strahota, Deputy Warden, and Tony Meli, Security Director, all of whom have either failed to provide the plaintiff with reasonable/appropriate health care, or have refused, to do so, in a deliberate/wanton attempt to inflict unnecessary pain/anguish, both **physical and psychological**, upon the plaintiff, which they **knew** would result in **irreparable**, harm/injury without that proper treatment/care, and it did result in said injuries.

B. State briefly your legal theory. You may cite appropriate authority. (Con't. Attached Pg.)

The Plaintiff has been, deliberately, denied the proper/reasonable, health care, and treatment, that his case/special circumstances, mandates/requires under the law. The result of this, has inflicted cruel/unusual punishment, on the plaintiff, in direct violation of his rights under the 8th Amendment of the U.S. Constitution, and made applicable, to the States, under the 14th Amendment. Estelle v. Gamble, 429 US 1066, 97 S.Ct. 285, 290, @ 2-9. (1976).--- The Plaintiff has been subjected to false/bogus conduct reports, which if properly addressed/investigated, by the administration/Inmate Complaint Examiners, would've never been written, nor would he have spent any time in segregation. Wolff v. McDonnell, 418 US. 539, 94 S.Ct. 2963, 2964 @ 5. (1974); also see, State ex rel. Matthew Tyler v. McCaughtry and Frank, 03-CV-617, @ Pgs. 3/4. (Wis.Ct.App. 2004).--- This, in-turn, subjected the plaintiff to atypical/significant hardship, while in segregation, because of his condition/disease, which was, further, exacerbated by the denial of all of his medical needs/restrictions by staff/officers. The result, of which, inflicted even more physical/psychological harm, pain, and suffering, on the plaintiff for no legitimate, or lawful, purpose, in violation of his rights, under the 14th Amend. right to due process, and the 8th Amend. for cruel/unusual punishment. Sandin v. Conner, 515 US. 472, 115 S.Ct. 2293, @ 3, and ID @ Estelle.--- The Plaintiff was subjected to retaliation, for his complaints about the lack of health care, and for the denial/retraction of his approved medical restrictions, by health services, or administrative officers/staff. This is protected speech, under the 1st Amendment, and violates the plaintiffs rights to free speech, under the constitutiom, and also directly violates, and denies the plaintiff, his rights/protections, not to be discriminated against, by staff, on account of his disability, which he clearly is "qualified" for/as, under the ADA, but yet has been denied the protections of by prison officials, health care staff, and the ADA Coordinator. **Mt. Healthy Board of Education,** 429 US. 274, 287, 97 S.Ct. 568 (1997); and, Lindell v. O'Donnell, 2005 U.S. Dist. LEXIS 24767, @ 83-88. (US Dist.Ct. 2005); and also see; Title 42 U.S.C. §§ 12101, (Title I), of the ADA, 42 U.S.C. §§ 12131, (Title II), of the ADA, and also see; Sections 504 of the Rehabilitations Act, 29 U.S.C. § 794; and 42 U.S.C. §§ 1997 et seq. of the Civil Rights of Institutionalized Persons Act.(CRIPA), and DAI Policy 300.00.35 on ADA. The Plaintiff was denied the right to reasonable safety and protection, by officers/staff, in direct violation of his rights, under the 8th Amendment. Officials have a duty to provide protection/aid, to those whom seek it, and failed to do such for the plaintiff. Farmer v. Brennan, 511 US. 825, 114 S.Ct. 1970, @ 4/9. (1994); and also see; Wis. Stats. § 302.04, 302.08, 302.38, & 302.385.

(Con't. Attached Pg.)

## SECTION IV, A. - STATEMENT OF CLAIM, CONTINUED:

B), Specifically, defendants Gwendelyn A. Vick, RN, Gail Waltz, RN, Ann Slinger, RN, Ann Scarpita, HSU Manager,(Current), Belinda Schrubbe, HSU Manager,(Former), Jeffrey Manlove, MD., Todd Callister, PSU MD., and Joshua Olson, MT, MFT, have all acted, in concert, to deny, and deprive, the plaintiff, of reasonable/appropriate health care/treatment, for his medical conditions, for no lawful, or justifiable, reason. The defendants have deliberately denied, and with-held, medical care/treatment, knowingly, and with malice/fore-thought, to cause, and inflict, great bodily harm/suffering, both physical/psychological, upon the plaintiff, and said injuries/suffering, did result/occur, to the plaintiff, due to their actions/inactions. The plaintiff seeks damages, both compensatory/punitive, from the afore-mentioned defendants, for their deliberate indifference, towards the plaintiff, and for the cruel/unusual pain, agony, and punishment, they inflicted upon the plaintiff, through their failure to treat him.

2). The plaintiff, who suffers from a **rare genetic disorder**, while confined at the Waupun Correctional Institution, requested, on numerous occassions, via **health service request,(HSR)**, his medical braces, which he needs/requires to hold his joints in place, due to his disease, on/between, April 10, 2015 and October 1, 2015,(e.g., 5/4, 5/18, 6/15, 7/12, 7/26, 8/9, 8/14, 8/23, 8/26, 8/31, 9/1, 9/11, 9/15, 9/22, 9/24, 9/28, & 9/30.), but was ignored, or denied, by health services staff, the possession/use of his medical braces, repeatedly, for no reason, but to inflict irreparable/great bodily harm, pain/suffering, both physical/psychological, upon the plaintiff.

A). Specifically, defendants Gwendelyn A. Vick, RN, Gail Waltz, RN, Ann Slinger, RN, Ann Scarpita, HSU Manager, Donna Larson, RN, A. Gunderson, RN, Richard Bartz, PT., and Jeffrey Manlove, MD., have all acted, in concert, to deny, and deprive, the plaintiff, of the right, possession, and use, of his medical braces, knowing that the result/consequences, of which, would cause the plaintiff to suffer, daily/nightly, great/over-whelming physical/psychological pain/anguish, from his joints popping in/out of place everytime he moves. The plaintiff seeks damages, both compensatory/punitive, from the afore-mentioned defendants, for their deliberate indifference, towards the plaintiff, and for the cruel/unusual pain, agony, and punishment, they inflicted upon the plaintiff, through their wanton/wilful/callous actions/inactions.

3). The plaintiff, who suffers from an intense form of ADD, and serious joint/muscle pain, caused by his rare genetic disorder, **Ehlers Danlos Syndrome, Type 3,** while confined at the Waupun Correctional Institution, requested, on numerous occassions, via health service, and psychological services, requests,(HSR/PSR), for affective/reasonable medications, to treat his ADD symptoms, and serious joint/muscle pain, from his disease, on/between, December 21, 2014 and September 30, 2015,(e.g., 5/18, 5/20, 5/22, 8/9, 9/15,),(In re; ADD Meds.), and on, and between, December 21, 2014 and September 30, 2015,(e.g., 5/28, 5/3, 5/4, 5/18, 5/21, 5/22, 6/5, 6/20, 8/26, 9/15, 9/15, 9/24, & 9/30.),(In re; Joint/Muscle Pain), but was ignored, or denied, by psychological/health services staff members/doctors, repeatedly, for no reason.

(Con't. Next Page.)

## SECTION IV, A. - STATEMENT OF CLAIM, CONTINUED:

A). Specifically, defendants Todd Callister, PSU MD., and Joshua Olson, MT, MPT, have both acted, in concert, to deny, and deprive, the plaintiff, of a sound/stable cognitive state of mind, without which, the plaintiffs mind constantly races, keeping him from being able to sleep, thereby causing him to become exhausted/weak throughout the day/night, which in-turn, serves to exaccerbate his pain levels, both physical/psychological, from his genetic disease. The denial/lack of medication, for his ADD, also causes the plaintiff to suffer from lapses in memory, both short/long-term memories, throughout the day. The in-ability to be able to focus on/remember what he's done, what he needs to do, or even daily inter-actions/events, or conversations, are all affected by the denial/lack of simple/basic medications to treat his ADD condition, by the defendants. Further, defendant Jeffrey Manlove, MD., has, also, acted to deny, and deprive, the plaintiff, of a sound mind/body, and pain-free, (or relatively pain-free), life/existance, by refusing/denying, the plaintiff, reasonable/appropriate medications, for the extreme pain, he feels, from his disease. And all of this pain is just compounded by the lack/denial of the, afore-mentioned, braces, ADD meds, and other devices the plaintiff is required/approved to have, for pain, but does not/has been denied for months, for no reason. The plaintiff seeks damages, both compensatory/punitive, from the afore-mentioned defendants, for their deliberate indifference, towards the plaintiff, and for the cruel/unusual pain, agony, and punishment, they have inflicted upon the plaintiff, through their failure to treat him, and through their wanton/wilful/callous actions/inactions in light of his medical needs.

4). The plaintiff, who suffers from seizures, while confined at the Waupun Correctional Institution, requested, on numerous occasions, via health service request, help/treatment for, and diagnoses of, his seizures, which render, the plaintiff, not only temporarily numb, and paralyzed, but totally open/vulnerable, to injury from his surroundings/others while he's having one, or even death. The plaintiff has been totally denied any/all medical aid/attention, from medical staff, on numerous occassions, whilst in the midst of having these seizures, one episode, of which, lasted for, about, four, (4), hours while in segregation, on thanksgiving, 2014. The plaintiff, on/between, February 2, 2015 and September 15, 2015, (e.g., 5/18, 5/22, 5/20, 8/9, 9/1, (seen in HSU), & 9/15:), requested this medical aid/attention/diagnoses, but was ignored, or denied, by health services staff, proper/reasonable medical care/treatment, for this serious condition, for no legitimate/lawful reason, but to inflict pain/suffering, both physical/psychological, upon the plaintiff.

A). Specifically, defendants Gwendelyn A. Vick, RN, Ann Slinger, RN, Gail Waltz, RN, Jeffrey Manlove, MD., and Ann Scarpita, HSU Manager, have all acted, in concert, to deny, and deprive, the plaintiff, of reasonable/appropriate medical care, aid, attention, and treatment, for his seizures, for no lawful, or justifiable, reason. The defendants have deliberately denied, and with-held, medical care, treatment, and diagnoses of the cause for these seizures, knowingly, and with malice/fore-thought, to cause, and inflict, great bodily harm/suffering, both physical/psychological, upon the plaintiff, by allowing these seizures to persist, and

(Con't. Next Page.)

## SECTION IV, A. - STATEMENT OF CLAIM, CONTINUED:

continue, when they could, likely, be prevented, or stopped, by treatment or medications. The plaintiff seeks damages, both compensatory/punitive, from the afore-mentioned defendants, for their deliberate indifference, towards the plaintiff, and for the cruel/unusual pain, agony, and punishment, they have inflicted upon the plaintiff, as well as unreasonably putting him at risk of, through their failure to treat him, and for their wanton/wilful/callous actions/inactions, despite/in light of his clear medical condition/need.

5). The plaintiff, who suffers from Ehlers Danlos Syndrome, Type 3, and in-turn, serious joint/muscle pain/weakness, caused by this disease, while confined at the Waupun Correctional Institution, requested, on numerous occassions, via health service requests, the return/use of his Tens Unit, which he uses/needs for pain management, on/between, April 17, 2015 and September 4, 2015,(e.g., 5/1, 5/3, 5/4, 5/4, 5/14, 5/27, & 8/9; In re: Tens Unit), New Medical Mattresses, which he uses, needs, and has a Medical Restriction/Requirement for due to his disease, on/between, April 13, 2015 and September 4, 2015,(e.g., 4/21, 5/8, 5/9, 6/5, 8/9, & 9/1; In re: Medical Mattresses), and an AM Feed-Cell, which he requires/needs, due to his disease and his inability to be able to go to/from the chowhall, early in the morning, everyday, because his joints/muscles are too weak/unstable for him to be able to do so, on/between, April 17, 2015 and September 28, 2015,(e.g., 4/22, 4/30, 5/4, 5/18, 5/20, 5/22, 5/27, 5/28, 6/1, 6/8, 6/16, 6/20, 6/20, 7/20, 8/9, 8/24, 8/27, & 9/28; In re: AM Feed Cell), but was not provided these necessary comfort measures/needs, despite his disease/condiction, but was just ignored, or denied, by health services staff, and the special needs committee, the possession, use, or approval, of these items/status, despite his disease, repeatedly, for no real reason, but to inflict irreparable/great bodily harm, pain/suffering, both physical/psychological, upon the plaintiff.

A). Specifically, defendants Gwendelyn A. Vick, RN, K. Dufary(?), RN, Donna Larson, RN, Carol Al-Tahrawry, LPN, and Jeffrey Manlove, MD,, have all acted in concert to deprive the plaintiff of the need/use of his Tens Unit, knowing that the result/consequence, of which, would be, and would cause, the plaintiff to be unable to treat/manage his pain, at all, which in-turn, would cause the plaintiff to suffer, daily/nightly, great/over-whelming physical and psychological pain/anguish, for no legal/justifiable reason. Additionally, defendants Gwendelyn A. Vick, RN, Gail Waltz, RN, Donna Larson, RN, Dr. Baier, PSU Dr, and Jeffrey Manlove, MD., have all acted in concert to deprive the plaintiff of the need/use of his medical mattresses, which the plaintiff needs/requires due to his disease, knowing that the result/consequence, of which, would be, and would cause, the plaintiff to suffer, daily/nightly, great/over-whelming physical/psychological pain/anguish, for no legal/justifiable reason. Additionally, defendants Gwendelyn A. Vick, RN, Gail Waltz, RN, Ann Slinger, RN, K. Dufary(?), RN, Donna Larson, RN, Brian Greff, Special Needs Committee Member, Nikki Kamphuis, ADA Coordinator/Special Needs Committee Member, and Jeffrey Manlove, MD., have all acted, in concert, to deprive the plaintiff of the need, use, and approval of the AM Feed-Cell, which the plaintiff needs/requires, due to his disease, and joint/muscle weakness/instability, and knowing that the result, of said denial,

(Ann Scarpita, HSU Manager/Special Needs Member, should be added in above)  (Con't Next Page)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
## 42 U.S.C. § 1983 Civil Rights Suit

### SECTION IV, A. - STATEMENT OF CLAIM, CONTINUED:

would continue to subject/deprive, the plaintiff, of vital food/nutrition, from not being able to eat breakfast, which the plaintiff has, already, been forced to go without, entirely, for the most part, for the last Six,(6), months, for absolutely no justifiable/lawful reason. This, in-turn, caused the plaintiff to suffer malnutrition, further exaccerbating the health, welfare, and over-all condition, of the plaintiff, his joint/muscle pain/weakness, and his life. The plaintiff seeks damages, both compensatory/punitive, from all of the afore-mentioned defendants, for their deliberate indifference, towards the plaintiff, and for the cruel, and unusual pain, agony, hunger, and punishment, they inflicted, upon the plaintiff, through their wanton/wilful/callous actions/inactions.

**6).** The plaintiff, who suffers from a rare genetic disorder, Ehlers Danlos Syndrome, Type 3, an intense form of ADD, and unknown seizures, while confined at the Waupun Correctional Institution, requested, on a number of occasions, via interview request forms/complaints, for help/assistance in aquiring simple/basic, and appropriate, health care/treatment, for all of his health problems/conditions, including special needs/ADA Accommodations, on/between, 6/17, 6/27,(Warden Pollard), 5/8, 5/13, 8/24, & 9/1,(Tony Meli), 6/8, 4/10, 4/15, 4/17, & 4/4,(For Special Needs/ADA Accommodations, to Nikki Kamphuis, Brian Greff, & Donna Larson), and 4/28, (Joshua Olson, MT, MFT),(Donald Strahota, Deputy Warden, Tonia Moon/James Muenchow, Inmate Complaint Examiners, Corrections Complaint Examiners/Edward Wall, Secretary of the Department of Corrections), on 12/27 and 3/17, and 4/16,(Were also face-to-face discussions), but was ignored, and/or denied, by these defendants, though they have a special supervisory role, and duty/responsibility, to assure that the plaintiff receives proper/reasonable medical care, and treatment, for these serious conditions, but they, for no legitimate/lawful reason, chose to inflict pain/suffering, upon the plaintiff, by failing/refusing to render him assistance, amd aid, with his pleas, to them, for help/health care.

**A).** Specifically, defendants William Pollard, Warden, Donald Strahota, Deputy Warden, Tony Meli, Security Director, Joshua Olson, MT, MFT, Nikki Kamphuis, ADA Coordinator/Special Needs Committee Member, Brian Greff, Special Needs Committee Member, Donna Larson, RN/Special Needs Committee Member, Tonia Moon/James Muenchow, Inmate Complaint Examiners, Corrections Complaint Examiners,(as delineated herein), and Edward Wall, Secretary of the Department of Corrections have all acted, in concert, to deny, and deprive, the plaintiff, of reasonable/appropriate medical care, aid, attention, and treatment, for his serious medical conditions, for no legal, or justifiable, reason/purpose. The defendants have deliberately denied/with-held, medical care/treatment, knowingly, and with malice/fore-thought, to cause/inflict great bodily harm, and suffering, both physical/psychological, upon the plaintiff, in violation of his rights.

The plaintiff seeks damages, both compensatory/punitive, from the afore-mentioned defendants, for their deliberate indifference, towards the plaintiff, and for the cruel/unusual pain, agony, and punishment, they have inflicted/allowed to be inflicted, upon the plaintiff, by, and through, their wanton/wilful/callous actions/inactions.

(Con't Next Page)

## SECTION IV, A. - STATEMENT OF CLAIM, CONTINUED:

7). The plaintiff, who suffers from a rare genetic disorder, Ehlers Danlos Syndrome, Type 3, while confined at the Waupun Correctional Institution, requested/aquired, on or about January 29, 2015, via health services unit manager, Belinda Schrubbe, a necessary/valid, medical restriction, "forbidding" staff/officers from making, the plaintiff, remove any of his medical braces, when he moves about the institution, citing his " severe medical condition." This was sought, by the plaintiff, and approved by the HSU Manager, because of the pain/agony, and debilitating affects, that the plaintiff would suffer, having to remove,(especially having to repeatedly remove), his medical braces, which cover, practically, his entire body,(when he has all of them), from head-to-toe. The plaintiff, further, suffers, physically/mentally, from such an ordeal, each time, because it drains what little muscle strength/energy, he has, to go through it. After presenting his medical restriction, to C/O Welch, in the Security Shack, officer Welch contacted the HSU Manager, Belinda Schrubbe, on or about February 2, 2015, to allow them to make the plaintiff remove his braces, one at a time, while sitting down. This, even though, she/he knew that this would cause/subject, the plaintiff, to excruciating pain, and agony, and debilitating joint/muscle weakness/damage, in the process. The plaintiff tried to seek help/assistance, from the doctor, on 2/16, 5/29, and 9/4, and the security director, on 8/24, and 9/1. The doctor/health services told him it was a security issue, and the security director said it was a medical/health services issue. (Note: Per Security, security cannot over ride health services/restrictions.). Both, basically, ignoring his pleas for help/assistance to regain this, obviously, vital/valid/needed medical restriction, for no justifiable reason. The plaintiffs rights, under the American with Disabilities Act, Rehabilitation Act, and the Civil Rights of Institutionalized Persons Act,(CRIPA), as delineated herein, have, also, been violated, by all of the defendants cited throughout this complaint/claims.

A). Specifically, defendants Belinda Schrubbe, HSU Manager,(former), Jeffrey Manlove, MD., Tony Meli, Security Director, Nikki Kamphuis, ADA Coordinator, William Pollard, Warden, C/O Welch, Officer, Brian Greff, Special Needs Committee Member, Donna Larson, RN/Special Needs Committee Member, Edward Wall, DOC Secretary, and State of Wisconsin, have all acted, in concert, and individually, to deny/deprive, the plaintiff, of his rights to this valid/vital medical restriction/need, and his rights under the ADA, RA, and CRIPA, discriminating against him, repeatedly, though he, clearly, "qualifies", under the ADA, as disabled/handicap, and knowing that the result/consequences, of which, would cause/subject, the plaintiff, to suffer great/over-whelming physical/psychological pain/agony, from his joints being pulled/popped out of place, having to remove his braces,(often times, repeatedly), and, thereby, causing him to severe/irreparable joint/muscle weakness/damage. They, further, subjected, the plaintiff, to full/complete discrimination, under the protections of the ADA, by denying him access to the same/basic programs, such as school, showers, and health care, that every other person/inmate is afforded/given, by the institution, department of corrections, and State of Wisconsin. The plaintiff seeks damages, both compensatory/punitive, against all these defendants, cited in this complaint/claims, for their deliberate indifference, towards the plaintiff, and for their cruel/unusual pain/agony/punishment they have inflicted, repeatedly, upon the plaintiff, by,

SECTION IV, A.- STATEMENT OF CLAIM, CONTINUED:

and through, their wanton/wilful/callous actions/inactions. The plaintiff, seeks, further, damages, both compensatory/punitive, against those directly responsible/indirectly responsible, but whom had a duty/responsibility, in their Supervisory roles/positions, to act, and aid the plaintiff, but whom, for no reasonable/justifiable reason, did not do so.

8). The plaintiff, who suffers from a rare genetic disorder, Ehlers Danlos Syndrome, Type 3, while confined at the Waupun Correctional Institution, requested, via interview requests, and discussions in person, to be moved/removed from, the cell that he was in, in the NWCH, (North West Cell Hall), because he/his cellmate were not getting along, and in fact, the plaintiff was being physically abused/psychologically tormented, by his cellmate, for a period of time, and even had one eye black/blue/swollen, almost, shut during one of the conversations, with officers, about being moved/seperated, from his cellmate, because he feared there was gonna be problems that may result in violence. He expressed, further, that, because of his disease, he wouldn't be able to defend himself, without a weapon, and did not want to have to do that, or be put in that position. The plaintiff was left in the cell, with his cellmate, for months, being physically abused/psychologically tormented, in his current medical state/condition, and was only, eventually removed when he went to seg. The plaintiff spoke to Sgt. Price and Officer Gau, on several occasions, only to be told that they don't do special moves, you don't get to pick your celly, and he's responsible for his actions. The plaintiff wrote to Capt. Westra, the cellhall supervisor, and he, at first, refused to come speak, to him, wanting more facts/information, as to what he wanted to meet/speak to him about before scheduling time to do so. That request is dated 5/25/15. After sending him a second request, he came/spoke to him, in his cellmates presence, and he, basically, "ratted out", the plaintiff, to his cellmate, thereby further jeopardizing the plaintiffs safety/security, by failing/refusing to move either one of them afterwards. The plaintiff, later, filed an inmate complaint, over these events, to the inmate complaint department, at the institution, and to the warden, and nothing was done to help him.

A). Specifically, defendants Officer Gau, Sgt. Price, Capt. Westra, cellhall officers and Supervisor, Tonia Moon/James Muenchow, Inmate Complaint Examiners, and William Pollard, Warden, have all acted, in concert, and individually, to deny/deprive, the plaintiff, of the right to be safe/secure, in his person, and have, in-turn, subjected, the plaintiff, to harm, an unreasonable risk of harm, and actual physical/psychological injury by/through their deliberate failures/refusals to act, despite the clear/obvious physical signs/injury present on the plaintiff, ("swollen, black/blue eye"), when speaking to him on the matter. The defendants failed to fulfill their duty, under the law, to provide, the plaintiff, with reasonable protection, from harm, despite his disability, thereby subjecting him to suffer great/over-whelming physical/psychological pain/anguish, from said abuse/torment, which they could have easily avoided/prevented, the plaintiff from enduring. The plaintiff seeks damages, both compensatory/punitive, against these defendants, for their deliberate, and callous, indifference, towards the plaintiff, and for the cruel/unusual pain/punishment they inflicted/allowed to be inflicted, upon the plaintiff, by/through their wanton/wilful/ discriminating actions/inactions, in light of/despite of the plaintiffs need for help.
(The plaintiff reserves the right to amend, this complaint, by way of the court, as the )
(rules of procedure, and law, allow, and requests to do so before dismissal of any claims.)

("END")

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
42 U.S.C. § 1983 Civil Rights Suit

## SECTION IV, B. - STATEMENT ON LEGAL THEORY, CONTINUED:

Further, the defendants, clearly, violated the plaintiffs rights, in every aspect/regard in failing/refusing to treat him for his disease, ADD, and seizures, regardless if there is a specific remedy, or treatment/cure, because they are required, by law, as medical personnel, to seek out, or explore, alternative treatments that could help, or treat, his conditions. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011). Here, instead, medical staff all chose not to do anything, in this regard, by telling the plaintiff, " Well, there is no specific treatment, or cure, so there's nothing we can do for you."; And when bringing up a specific med that could help his disease/condition, to the doctor, on several occassions, (Jeffrey Manlove), about a " Move-free ultra triple advance Medication," the doctor dismissed it telling him, " They,(Madison), won't let us give you that!", without so much as even applying to madison for it. The plaintiff has been deprived of several rights secured under the U.S. Constitution, under the 1st, 8th, and 14th Amendments, and that deprivation was visited upon him by persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). The plaintiff has, further, sufficiently alleged enough factual allegations, and elements, that his medical conditions were not treated, reasonably/appropriately, that he suffers from an objectively serious medical condition(s), and that officials/medical staff, were deliberately indifferent to his needs/condition in violation of the law/his rights. See, Lazaris v. Karlin, 2005 U.S. Dist.LEXIS 5026, and I.D. @ Arnett.

The plaintiffs rights to be free from retaliation were, also, clearly violated by several staff/officers in/over his pursuit for medical care, medical restrictions, special needs, ADA Rights/Accomodations, and even for voicing his complaints over the denial, or taking, of them. Sgt. Price taking his medical mattress and then having him placed in segregation, and Lt. Larson accomodating that action, fully knowing the facts/circumstances, of it, because he said he wanted to see a white-shirt/that the mattress was a required medical need/restriction given to him by the Security Director, was clearly retaliatory and a violation of the plaintiffs rights.-C/O Welch contacting the HSU Manager, Belinda Schrubbe, and making her change the medical restriction, which had forbid the officers/staff from making the plaintiff remove his medical braces, at all, to having to remove them one at a time, while sitting down, was in direct response to/because of the plaintiff pursuing his right to medical care, and his not wanting to be, continuely, "tortured", by this officer, everytime he went on a pass. This was, clearly, retaliatory, and a violation of the plaintiffs rights, as outlined above.-The group of unknown officers/staff, in segregation, who, only after he refused a summary of 30 days loss of electronics, and got 60 days in segregation, instead, and who denied plaintiff all of his medical restrictions/needs, and who put him in segregation, to begin with, for wanting to challenge the charge/ticket, are also guilty of violating the plaintiffs rights. This is all, clearly, protected speech, it deprived the plaintiff of a right(s) that caused him to not want to complain anymore, and it was certainly the motivating factor for their actions against the plaintiff. T.D. @ Mt. Healthy.                (Con't Next Page) xxxxx

SECTION IV, B.- STATEMENT ON LEGAL THEORY, CONTINUED:

Additionally, the plaintiffs rights, under the 8th Amendment, were violated, by the defendants, when they deliberately ignored signs of physical injuries, on the plaintiff, when seeing/speaking with him, about be seperated from his cellmate. They have a duty to provide, the plaintiff, with reasonable safety/protection from violence at the hands of of other inmates, and failed in that duty to do so. Farmer v. Brennan, 511 US 825, 831, 114 S.Ct. 1970, 1976 (1994). The plaintiff, in-turn, and as a result, suffered atypical and significant harm, and hardship, due to the defendants failure/refusal to help him, despite his serious medical condition/disability. Sandin v. Conner, 515 US 472, 483, 115 S.Ct. 2293, 2300 (1995). The defendants inflicted, unnecessary, pain/suffering, upon the plaintiff, in violation of his rights, under the 8th Amendment, which violate common, or evolving standards, of decency, especially towards the medically infirm, or disabled. Estelle v. Gamble, 429 US 97, 102, 97 S.Ct. 285, 290 (1976). The, further, fact that the defendants have failed to implement, or use, anytype of classification system, or other method, of assigning inmates, to cells/housing units, also exaccebates their liability, and risk of harm, to the plaintiff, in violation of their duty, and the plaintiffs right. Wilson v. Wright, 998 F. Supp. 650, @ 6 (1998). The plaintiff was also denied his right to due process due to the psychological suffering/punishment inflicted upon him. Sandin

The plaintiffs request for a Temporary Restraining Order, ("TRO"), is not only valid, but warranted/needed, based upon the facts/circumstances of the plaintiffs case/situation. The plaintiff has a strong likelihood of success on the merits given the strong showing of his case contained within the four corners of his complaint. There is no other remedy, available to the plaintiff, and the plaintiff will certainly suffer irreparable physical and psychological, harm/continued injuries without the order. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). And there is no harm, to any other party, or public interest, that would prevent the court from imposing the injunction/order, as requested by the plaintiff, Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013). The injunction is, also, allowed, and appropriate, because it seeks relief of the same character/nature as that relief that is sought throughout the complaint. Kaimowitz v. Orlando Florida, 122 F.3d 41, 43 (11th Cir. 1997). Given the plaintiffs numerous claims, an injunction is authorized/proper.

The plaintiff would, further, request an injunction/order, against the defendants, prohibiting the defendants from interferring, hindering, or, in anyway, impeding the plaintiffs ability/right to seek/receive legal assistance from the person drafting this law suit, inmate Richard A. Dodson, inmate # 293983. The plaintiff, finally, got someone to help me, with his legal suit/medical situation, after he was placed into the cell with the plaintiff, and only after inmate Dodson let health services/the administration know that he was witnessing/documenting the plaintiffs situation, he was, shortly thereafter, moved out of the plaintiffs cell, over to another unit, away from the plaintiff altogether. Though the plaintiff/inmate Dodson are still able to meet/work together, at the library, this move, by the defendants, was retaliatory, and made it more difficult to achieve the filing/completion of the law suit, and it made it totally impossible for the plaintiff to have whats being done to him/denied him, by a vital witness he can trust, inmate Dodson. The court, for all of the reasons cited above, should also grant the plaintiff another injunction/order, against the defendants, forbidding them from taking any, or any further, actions, to hinder, impede, or interferr, in anyway, shape, or form, the plaintiffs right to seek out/receive legal assistance from inmate Dodson.

## V. RELIEF YOU REQUEST

State briefly and exactly what you want the court to do for you. Use this space only to request remedies for the injuries you complain about.

1). Order that I be taken to an outside hospital, Mayo Clinic, Or Pain Clinic to be properly treated/assessed, for my disease/condition, as was to be done months ago; and;
2). Order that I be put back on pain medication(s) that are not going to make me pass out, irritable, aggressive, or have suicidal thoughts, immediately or as soon as able; and; (3). Order that I be put back on my, original/proper, medication, for my ADD, so that I can fully function/maintain my cognitive abilities/Short/Long-term memory; and;
4). Order that I be trasferred to Jackson Corr. Inst., or another facility, close to the Mayo Clinic, so that I may get/receive better/proper treatment for my disease; and;
5). Order that all of my comfort measures,(ie; Braces, Mattresses, Tens Unit, 24/7 use, and AM Feed-cell) be replaced, returned, or implemented immediately; and;
6). Order that I be provided nutritional aids,(ie; Glucosamine-Chondroitin - Triple Strength, Ensure or Boost, and a form of Super-Multi-Vitamin, etc;), for my joints and to help boost my over-all immune system to help slow down the affects of this disease;
7). Order/Enforce the Hsu Managers original medical restriction, forbidding any WCI officers/staff from making me remove my braces when going through the security shack, or other areas/situations in the facility, including strip searches, with a TRO until I can be properly assessed/evaluated, by/at competent medical professionals at the pain clinic, in Madison, as to prevent/avoid any further damage, pain, and suffering

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 12 day of October, 2015.

_____
Signature of Plaintiff(s)

(If there are multiple plaintiffs, each must sign the complaint)

Institutional Identification Number(s) #412098

from occurring, to my body/mind, needlessly, which was the purpose of the restriction;
8). Order the institution to allow me an inmate-helper, to live with me, who is going to be competent/understanding, of my situation, and who can be trusted, by me, not to harm/take advantage of me; like my old celly, Inmate Richard Dodson, #293983,(who is helping me draft this suit), who they moved, from my cell, after beginning to help me with my medical issues/denials by the prison officials; and;
9). Order my release, from custody, pursuant to Wisconsins Compassionate release laws, and statute, so that I may obtain/receive proper medical care/attention for my disease;
10). Order/Award me compensatory/punitive damages, against all the defendants, for all of my pain/suffering, caused by/through the defendants wanton/deliberate failures and denials, of properly/reasonable medical care/treatment, for their retaliatory actions for my complaints, of said denials/other matters, and for their infliction of cruel and unusual punishment, upon me, in violation of the ADA Laws, and U.S. Constitution; and;
11). Any other relief that the Court deems just, allowed, or reasonably necessary, to defend/protect the plaintiff, or the plaintiffs rights, by/under all laws,(Federal and State), of which the plaintiff may be entitled to pursuant to said laws/rights.

I declare under penalty of perjury that the foregoing is true and correct as well, and my signature, above, does so confirm.